IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DAVID BEVERLY,**

    **Petitioner,**

**vs.**                                            **5:04CV14-SPM/AK**

**JACK SAPP, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus. Doc. 1. Respondents have filed their response, Doc. 8, and Petitioner has filed his reply. Doc. 9. Having carefully considered the matter, the Court recommends that habeas relief be denied.

## BACKGROUND

On April 16, 1975, Petitioner, David Beverly, Jr., was sentenced to two consecutive life sentences on two counts of robbery in Columbia County, Florida. Doc. 8, Ex. A. On April 3,1979, Petitioner was released from prison to parole supervision, subject to conditions of parole for life. Doc. 8, Ex. B. His parole was subject to the following conditions:

1.     Petitioner was to live in Lake City, Florida and report to the Parole and Probation Supervisor under Mr. Charles Maxwell..

*2.*     Petitioner was not to change residence or employment or leave the county of residence without the consent of the Parole and Probation Supervisor.

3. On the fifth day of each month, until the final release, Petitioner was to report to the Parole and Probation Supervisor.

4. Petitioner was to refrain from excessive use of intoxicants of any kind, was not to use or possess any narcotic, marijuana, or drugs obtained illegally, and was not to visit places where intoxicants or drugs were unlawfully sold, dispensed, or used.

5. Petitioner was to refrain from visiting gambling facilities or associating with persons of harmful character or bad reputation.

6. Petitioner was to conduct himself in an honorable manner; work diligently at a lawful occupation; support dependents, if any, to the best of his ability; and live within his income.

7. Petitioner was not to own, carry, or have in his constructive possession any weapons, without first securing the consent of the Parole and Probation Supervisor, except when specifically authorized by statute.

8. Petitioner was to live and remain at liberty without violating the law.

9. Petitioner was not to leave the State of Florida without the permission of the Parole and Probation Supervisor. If permitted to leave, Petitioner did not waive all extradition rights, process, and proceedings for return.

10. Petitioner was to promptly and truthfully answer all inquires directed to him by the Commission or by his Parole and Probation Supervisor.

11. Petitioner was to remain on parole until the Commission decided to release him.

12. Petitioner was to abide by all statutory conditions of parole.

*Id.*

On June 13, 2001, the Florida Parole Commission issued a warrant for Petitioner's arrest

because he violated the conditions of his release.  Doc. 8, Ex. C.  The warrant was issued based on a violation report filed by his parole officer on June 6, 2001.  Doc. 8, Ex. D.  The warrant stated the Petitioner violated Condition Eight of his parole which, as previously noted, states, "I will live and remain at liberty without violating the law." Doc. 8, Ex. B.  The report charged Petitioner with violating his parole in the following manner:  First, on or before May 11, 2001, in Suwannee County, Florida, he unlawfully committed the offense of improper exhibition of a firearm.  Doc. 8. Ex. C.  Second, on or about May 31, 2001, in Suwannee County, Florida, he unlawfully committed the offense of aggravated battery with a motor vehicle upon Leslie White (a.k.a. Leslie Beverly).  *Id.*  Third, on or about May 31, 2001, he willfully, maliciously, and repeatedly followed or harassed Leslie White, by making a credible threat with the intent to place herin reasonable fear of death or bodily harm.  *Id.*  Fourth, on or about May 31, 2001, in Suwannee County, Florida, he willfully violated an injunction for protection against domestic violence.  *Id.*

On March 21, 2002, a Florida Parole Commission hearing examiner conducted Petitioner's final parole revocation hearing.  Doc. 8, Ex. E.  Petitioner requested counsel be appointed for him. *Id*.  In denying that request, the Commission first determined that Petitioner understood his procedural rights and the allegations against him.  *Id*.  It also found that Petitioner could read, write, and "articulate his thoughts."  *Id*.  It further concluded that Petitioner was not suffering any from any physical or mental problems, that he could speak effectively for himself, and that the allegations against him were not complex.  *Id*.

Without objection, the hearing officer changed the situs of the first two violations to Columbia County and dismissed the fourth violation. *Id*. After hearing testimony from numerous witnesses, the Commission initially found Petitioner not guilty of the first violation, improper exhibition of a firearm. *Id*. This finding was based on the fact that the incident was not reported immediately, and there were inconsistencies in Leslie White's testimony regarding the firearm and the fact that it allegedly belonged to her, and she could not, or would not, produce the firearm. *Id.*

The Commission did, however, find Petitioner guilty of the second and third violations. *Id*. As to the second violation, the Commission credited Deputy David Wingate's testimony that he observed both Petitioner's and Ms. White's vehicles, and there was of a transfer of paint between the vehicles. *Id*. Additionally, the Commission found that Ms. White's testimony revealed the Petitioner tried to pull in front of her, and when she went around him, he ran into her vehicle. *Id*.

With regard to the third allegation, the Commission found that, Petitioner, after seeing Ms. White in Live Oak, called White's cell phone and left her messages that he would kill her. *Id*. Thus, on May 22, 2002, the Parole Commission entered its order revoking Petitioner's parole. Doc. 8, Ex. F.

On July 15, 2002, Petitioner filed a petition for writ of habeas corpus in state court asking the court to set aside the revocation of his parole and order his release from incarceration for three reasons. Doc. 8, Ex. G. First, Petitioner alleged that he was being held prisoner in the Florida Department of Corrections in violation of his state and federal statutory and constitutional rights. *Id*. Second, Petitioner alleged that the Commission abused its discretion in revoking his parole because he was not convicted of any underlying criminal offense. Doc. 8,

Ex. H. Petitioner advised the court that his request for counsel was denied and attached letters to the Commission specifically requesting appointment of counsel, but he did not submit further argument in that regard. Doc. 9, Ex. A.[1]

On January 27, 2003, the state court denied his habeas petition, finding that the charges were proven by a preponderance of the evidence based on the sworn testimony of Ms. White and Deputy Wingate at the Petitioner's parole violation hearing. *Id.* Furthermore, the court found that the fact that the criminal charges were nolle prossed provided "no basis for concluding that the Commission abused its discretion in finding violations of conditions of parole based on the same circumstances." *Id.* Rather, all that was required was "evidence that the parolee committed the behavior complained of or which constituted the crime." *Id.*

Petitioner then filed a petition for writ of certiorari with the court of appeal, raising four issues. Doc. 8, Ex. I. First, Petitioner claimed that the writ for habeas corpus was summarily denied without the benefit of a full and fair evidentiary hearing. *Id.* Second, he charged that the circuit court erred in issuing the order because the circuit court's determination was not based on "competent substantial evidence." *Id.* Third, he maintained that the Commission improperly denied him an attorney in a "very complicated case" after he specifically requested counsel. *Id.* Finally, Petitioner argued that the lower court did not afford him "full and fair review" of the Florida Parole Commission's decision. *Id*. Therefore, in his view, he was denied due process. *Id.*

On November 5, 2003, the court of appeal denied the petition without written opinion. Doc. 8, Ex. J. The instant petition ensued. Doc. 1. On this occasion, Petitioner claims that the

---

[1] Respondents failed to attach a complete copy of the state court habeas petition, *see* Doc. 8, Ex. G; therefore, the Court refers to the copy attached to Petitioner's reply.

*Case No: 5:04cv14-spm/ak*

Commission deprived him of due process and abused its discretion when if revoked his parole. *Id*. More specifically, Petitioner charges (1) that he was improperly denied assistance of counsel during the revocation hearing, which for him was a "complicated proceeding"; (2) that the Commission's decision was based on "incompetent and insubstantial evidence"; (3) that the failure of the lower court to issue an "independent opinion" and to conduct an evidentiary hearing violated state law. *Id*. at 20-21 of 33.

On March 24, 2004, Respondents filed an answer to Petitioner's petition for writ of habeas corpus in this court. Doc. 8. Respondents concede Petitioner has exhausted his state court remedies regarding the revocation of his parole. Doc. 8 at 4. Respondents contend, however, that Petitioner has failed to state a either a constitutional or statutory claim under federal law. *Id.*

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A

state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The fact that the state court did not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).

To the extent that Petitioner's claims are based purely on state law, habeas relief is unavailable since this Court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Further, to the extent that Petitioner claims any federal due process violations related to his parole revocation hearing, the petition is without merit. The law regarding the due process accorded to a parolee or probationer in a revocation proceeding is clearly established in certain particulars. For example, the following minimum requirements of due process must be provided:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972). "These requirements in themselves serve as substantial protection against ill-considered revocation." *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973). The Commission adhered to all of these requirements, and thus, there was no due process violation in the Commission proceedings. A revocation hearing does not "equate...to a criminal prosecution in any sense," *Morrissey*, 408 U.S. at 489, and thus, the full panoply of rights afforded to the criminal defendant are not afforded to one facing revocation. Petitioner was afforded notice and hearing in accord with *Morrissey* and *Gagnon*, and there is nothing in the record to suggest that the state habeas court ignored the mandates of the Supreme Court in those cases.

Furthermore, it is clearly established that although due process does not require the appointment of counsel in every parole revocation proceeding,

> counsel should be provided in cases where, after being informed of his right to request counsel, the...parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.  In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

*Gagnon*, 411 U.S. at 790-91.  The hearing officer clearly delineated his reasons for denying counsel, and there is nothing before the Court to impugn those reasons.  Despite Petitioner's protestations to the contrary, the revocation proceeding was not complicated, as it involved, for the most part, a determination of credibility of the primary witness against Petitioner, his ex-wife, and the investigating officer.

## **CONCLUSION**

Having carefully considered the matter, the Court finds that Petitioner did not suffer any federal due process violations during his parole revocation proceedings, and therefore, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **27th** day of July, 2006.

                              s/ A. KORNBLUM
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**